**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
| TPD Design House, LLC | : | Case No.26-11073 (DJB) |
|  | : |  |
| Debtor | : |  |
|  | : |  |

**SECOND INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL,
(II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING
A FURTHER HEARING, AND (IV) GRANTING RELATED RELIEF**

AND NOW, upon consideration of the motion of TPD Design House, LLC (the "Debtor") for entry of interim and final orders (i) authorizing the Debtor to use Cash Collateral; (ii) granting adequate protection; (iii) scheduling a further hearing; and (iv) granting related relief (the "Motion")[1]; and having heard the statements of Debtor's counsel and the statements of other parties in interest who appeared; and it appearing that the Court has jurisdiction over this mater pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that the Motion is in the best interests of the Debtor; its estate, and its creditors; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby **ORDERED:**

1.      The Motion is **GRANTED** on an interim basis to the extent provided herein.

2.      The Debtor is **AUTHORIZED** to use Cash Collateral on an interim basis in accordance with the Budget attached hereto as Exhibit "A" through the date of the conclusion of a further hearing on the Motion (the "Interim Period").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

184798099.2

3.      As adequate protection through entry of a Final Order, the Secured Creditors are hereby granted replacement liens in the Debtor's post-petition property to the same extent, validity, and priority of their prepetition liens, to the extent the Debtor's use of the Cash Collateral results in the decrease of the value of the Secured Creditors' interest in such property, without the necessity of filing any documents or otherwise complying with non-bankruptcy law in order to perfect security interests and record liens, with such perfection being binding upon all parties including, but not limited to, any subsequently appointed trustee either under chapter 11 or any other chapter of the Bankruptcy Code; *provided*, *however*, that such replacement liens shall in all respects be subject and subordinate to the Carve-Out (as defined below).

4.      As used in this Order, the "Carve-Out" shall mean (i) fees payable to the United States Trustee under 28 U.S.C. § 1930; and (ii) the allowed, reasonable, and unpaid fees, costs, and disbursements incurred by professionals retained by the official committee of unsecured creditors appointed in this case (the "Committee Professionals") pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, that are allowed by the Court pursuant to sections 328, 330, or 331 of the Bankruptcy Code, in an aggregate amount not to exceed $60,000.

5.      The Secured Creditors' prepetition liens, and the replacement liens granted under this Order, shall be subject and subordinate to the Carve-Out.

6.      Notwithstanding anything in this Order to the contrary, nothing herein shall be deemed to constitute a cap or limitation on the amount of fees and expenses that Committee Professionals may seek, assert, or be allowed as administrative expense claims under the Bankruptcy Code. The Carve-Out shall not be deemed to limit the right of any Committee Professional to assert claims for compensation and reimbursement of expenses as administrative expenses of the Debtor's estate pursuant to sections 328, 330, or 331 of the Bankruptcy Code.

184798099.2

7.      Nothing in this Order shall constitute an adjudication as to the validity, extent, or priority of the Secured Creditors' prepetition liens and security interests in the Debtor's property.

8.      A copy of this Order shall be served by the Debtor or its counsel upon the parties required to be served under Local Rule 1002-(d)(1).  This notice shall be sufficient and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

9.      Any objections to the Motion shall be filed with the Court and served upon counsel to the Debtor, David B. Smith, Esquire, Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 (dsmith@skhlaw.com) by May 27, 2026.  In the event that no objections are timely filed and served in accordance with this Interim Order, the Court may enter an order granting the Motion, authorizing the Debtor's permanent use of the Cash Collateral, without further notice or further hearing.

10.     A further or final hearing in accordance with Federal Rule of Bankruptcy Procedure 4001(b)(2) to consider the Debtor's use of Cash Collateral shall be heard at 1:30 p.m. on May 28, 2026.  Parties may participate by zoom audio technology accessible via www.zoomgov.com/join, or by dialing 1-646-828-7666 (Meeting ID: 161 0657 4791).

11.     This Court shall retain jurisdiction over any and all matters arising from or related to this Interim Order.

BY THE COURT:

Date: _____          _____
                                              The Honorable Derek J. Baker
                                              United States Bankruptcy Judge

3

184798099.2