United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                Case No. 26-11073-djb

TPD Design House, LLC                                                 Chapter 11
     Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 3 |
|---|---|---|
| Date Rcvd: May 07, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol        Definition**

+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
             regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 09, 2026:**

**Recip ID                Recipient Name and Address**
db                      + TPD Design House, LLC, 108 W. Wayne Avenue, Wayne, PA 19087-4019

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 09, 2026                    Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 7, 2026 at the address(es) listed below:**

**Name                        Email Address**

Albert Anthony Ciardi, III
                            on behalf of Debtor Vanessa Kreckel aciardi@ciardilaw.com  sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Andrew Robert Fuchs
                            on behalf of Creditor United States of America - Small Business Administration (SBA) andrew.fuchs@usdoj.gov
                            beth.fuhrhop@usdoj.gov

CHRISTIAN P. SUPRENUK
                            on behalf of Steven J. Shotz csuprenuk@murlandlaw.com

CHRISTIAN P. SUPRENUK
                            on behalf of Creditor Wayne Toytown LLC csuprenuk@murlandlaw.com

CHRISTINA M. PHILIPP
                            on behalf of Creditor Vaishali Gor cphilipp@mkcilaw.us.com

CHRISTINA M. PHILIPP
                            on behalf of Vaishali Gor cphilipp@mkcilaw.us.com

District/off: 0313-2

User: admin

Page 2 of 3

Date Rcvd: May 07, 2026

Form ID: pdf900

Total Noticed: 1

DANA S. PLON
on behalf of Creditor Scott Gensler dplon@sirlinlaw.com

DANIEL R. UTAIN
on behalf of Creditor West Wayne Avenue Ventures LLC dutain@kaplaw.com  llapenna@kaplaw.com

DANIEL S. SIEDMAN
on behalf of Debtor Vanessa Kreckel dsiedman@ciardilaw.com  dtorres@ciardilaw.com;sfrizlen@ciardilaw.com

DAVID B. SMITH
on behalf of Debtor TPD Design House  LLC dsmith@skhlaw.com, b.dr70286@notify.bestcase.com

ERIK L. COCCIA
on behalf of Creditor Guardsman Capital Partners  Taylor King, and Heather King ecoccia@dilworthlaw.com,
shenry@dilworthlaw.com

GARY SCHAFKOPF
on behalf of Creditor Marc Pan GARY@SCHAFLAW.COM  tudorescue@gmail.com;tudorescue2@gmail.com

JESSE M. HARRIS
on behalf of Creditor Committee Official Committee of Unsecured Creditors jesseharris@foxrothschild.com

JOEL MARC FLINK
on behalf of Creditor Qianlin Li joel.flink@fiwlaw.com

JOEL MARC FLINK
on behalf of Qianlin Li joel.flink@fiwlaw.com

JOHN HENRY SCHANNE
on behalf of U.S. Trustee United States Trustee John.Schanne@usdoj.gov

JOHN T. CARROLL, III
on behalf of Interested Party Oslo Blue  LLC jcarroll@cozen.com,
jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com

JOHN T. CARROLL, III
on behalf of Interested Party Tarte Family Office jcarroll@cozen.com
jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com

LYNDSAY ELIZABETH ROWLAND
on behalf of Creditor Beacon Bank and Trust lrowland@starfieldsmith.com  arosen@starfieldsmith.com

MARK S. HALTZMAN
on behalf of Creditor Steamboat Family Holdings LLC mhaltzman@sanddlawyers.com
mhaltzman@aol.com;rchew@sanddlawyers.com;mhanford@sanddlawyers.com;kdaley@sanddlawyers.com

MARK S. HALTZMAN
on behalf of Attorney Steamboat Family Holdings LLC mhaltzman@sanddlawyers.com
mhaltzman@aol.com;rchew@sanddlawyers.com;mhanford@sanddlawyers.com;kdaley@sanddlawyers.com

MATTHEW B WEISBERG
on behalf of Creditor Marc Pan mweisberg@weisberglawoffices.com

MICHAEL B. DUBIN
on behalf of Creditor Andrew Berg mdubin@sogtlaw.com  jfiganiak@sogtlaw.com

MICHAEL B. DUBIN
on behalf of Creditor Lightyear Business Advisors LLC mdubin@sogtlaw.com  jfiganiak@sogtlaw.com

NICHOLAS M. ENGEL
on behalf of Debtor TPD Design House  LLC nengel@skhlaw.com

PAMELA ELCHERT THURMOND
on behalf of Creditor CITY OF PHILADELPHIA pamela.thurmond@phila.gov

STEPHEN G. BRESSET
on behalf of Eugenia Moisseenko sbresset@bressetsantora.com
nicole@bressetsantora.com,ronsantoraesq@aol.com;laura@bressetsantora.com,sami@bressetsantora.com,stacy@bressetsantora.c
om

STEPHEN G. BRESSET
on behalf of Creditor Alan Lobo sbresset@bressetsantora.com
nicole@bressetsantora.com,ronsantoraesq@aol.com;laura@bressetsantora.com,sami@bressetsantora.com,stacy@bressetsantora.c
om

STEPHEN G. BRESSET
on behalf of Alan Lobo sbresset@bressetsantora.com
nicole@bressetsantora.com,ronsantoraesq@aol.com;laura@bressetsantora.com,sami@bressetsantora.com,stacy@bressetsantora.c
om

STEPHEN G. BRESSET
on behalf of Creditor Euguenia Moisseenko sbresset@bressetsantora.com
nicole@bressetsantora.com,ronsantoraesq@aol.com;laura@bressetsantora.com,sami@bressetsantora.com,stacy@bressetsantora.c

District/off: 0313-2                           User: admin                                    Page 3 of 3
Date Rcvd: May 07, 2026                        Form ID: pdf900                                Total Noticed: 1

                          om

TURNER N. FALK

                          on behalf of Creditor Dexed LLC and D2 Finance turner.falk@saul.com  tnfalk@recap.email;catherine.santangelo@saul.com

United States Trustee

                          USTPRegion03.PH.ECF@usdoj.gov


TOTAL: 32

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
| TPD Design House, LLC | : | Case No.26-11073 (DJB) |
|  | : |  |
| Debtor | : |  |
|  | : |  |

**SECOND INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL,**
**(II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING**
**A FURTHER HEARING, AND (IV) GRANTING RELATED RELIEF**

AND NOW, upon consideration of the motion of TPD Design House, LLC (the

"Debtor") for entry of interim and final orders (i) authorizing the Debtor to use Cash Collateral;

(ii) granting adequate protection; (iii) scheduling a further hearing; and (iv) granting related

relief (the "Motion")[1]; and having heard the statements of Debtor's counsel and the statements of

other parties in interest who appeared; and it appearing that the Court has jurisdiction over this

mater pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding

pursuant to 28 U.S.C. §157(b)(2); and it appearing that the Motion is in the best interests of the

Debtor; its estate, and its creditors; and adequate notice of the Motion having been given; and it

appearing that no other notice need be given; and after due deliberation and sufficient cause

therefore, it is hereby **ORDERED:**

1.      The Motion is **GRANTED** on an interim basis to the extent provided herein.

2.      The Debtor is **AUTHORIZED** to use Cash Collateral on an interim basis in

accordance with the Budget attached hereto as Exhibit "A" through the date of the conclusion of

a further hearing on the Motion (the "Interim Period").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

184798099.2

3.      As adequate protection through entry of a Final Order, the Secured Creditors are hereby granted replacement liens in the Debtor's post-petition property to the same extent, validity, and priority of their prepetition liens, to the extent the Debtor's use of the Cash Collateral results in the decrease of the value of the Secured Creditors' interest in such property, without the necessity of filing any documents or otherwise complying with non-bankruptcy law in order to perfect security interests and record liens, with such perfection being binding upon all parties including, but not limited to, any subsequently appointed trustee either under chapter 11 or any other chapter of the Bankruptcy Code; *provided*, *however*, that such replacement liens shall in all respects be subject and subordinate to the Carve-Out (as defined below).

4.      As used in this Order, the "Carve-Out" shall mean (i) fees payable to the United States Trustee under 28 U.S.C. § 1930; and (ii) the allowed, reasonable, and unpaid fees, costs, and disbursements incurred by professionals retained by the official committee of unsecured creditors appointed in this case (the "Committee Professionals") pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, that are allowed by the Court pursuant to sections 328, 330, or 331 of the Bankruptcy Code, in an aggregate amount not to exceed $60,000.

5.      The Secured Creditors' prepetition liens, and the replacement liens granted under this Order, shall be subject and subordinate to the Carve-Out.

6.      Notwithstanding anything in this Order to the contrary, nothing herein shall be deemed to constitute a cap or limitation on the amount of fees and expenses that Committee Professionals may seek, assert, or be allowed as administrative expense claims under the Bankruptcy Code. The Carve-Out shall not be deemed to limit the right of any Committee Professional to assert claims for compensation and reimbursement of expenses as administrative expenses of the Debtor's estate pursuant to sections 328, 330, or 331 of the Bankruptcy Code.

184798099.2

7.    Nothing in this Order shall constitute an adjudication as to the validity, extent, or priority of the Secured Creditors' prepetition liens and security interests in the Debtor's property.

8.    A copy of this Order shall be served by the Debtor or its counsel upon the parties required to be served under Local Rule 1002-(d)(1).  This notice shall be sufficient and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

9.    Any objections to the Motion shall be filed with the Court and served upon counsel to the Debtor, David B. Smith, Esquire, Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 (dsmith@skhlaw.com) by May 27, 2026.  In the event that no objections are timely filed and served in accordance with this Interim Order, the Court may enter an order granting the Motion, authorizing the Debtor's permanent use of the Cash Collateral, without further notice or further hearing.

10.    A further or final hearing in accordance with Federal Rule of Bankruptcy Procedure 4001(b)(2) to consider the Debtor's use of Cash Collateral shall be heard at 1:30 p.m. on May 28, 2026.  Parties may participate by zoom audio technology accessible via www.zoomgov.com/join, or by dialing 1-646-828-7666 (Meeting ID: 161 0657 4791).

11.    This Court shall retain jurisdiction over any and all matters arising from or related to this Interim Order.

BY THE COURT:

Date:    **May 6, 2026**

The Honorable Derek J. Baker
United States Bankruptcy Judge

3

184798099.2

**Exhibit A – Budget/Projections**

## TPD Design House 9 Week Budget (REVISED)

*4/27/2026*

| Week | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Beginning | 4/5/2026 | 4/12/2026 | 4/19/2026 | 4/26/2026 | 5/3/2026 | 5/10/2026 | 5/17/2026 | 5/24/2026 | 5/31/2026 | |
| Ending | 4/11/2026 | 4/18/2026 | 4/25/2026 | 5/2/2026 | 5/9/2026 | 5/16/2026 | 5/23/2026 | 5/30/2026 | 6/6/2026 | |
| *Accounts Receivable Conversion* | | | | | | | | | | |
| **Cash Income** | - | 29,500 | 252,526 | 159,750 | 130,770 | 366,300 | 141,750 | 256,770 | 193,500 | 1,530,866 |

*Explaination for Changes:* *Cash receivables have been revised based on the latest accounts receivable data. Cash conversion was below budget in weeks 2 and 3 (shortfalls of $28.5k and $42.5k, respectively). Despite this shortfall due to payment timing considerations, aggregate Cash Income for the Budget period increased $338k because TPD has better visability into the timing of installment payments as work is completed and deliverable dates get closer. To a lesser extent, TPD won some new business and a few smaller projects were overlooked in the previous analysis.*

| Payroll Expenses | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Payroll PEO (Includes Processing Fee, Taxes) | (81,182) | - | (81,182) | - | (81,182) | - | (81,182) | - | (81,182) | (405,910) |
| Benefits Invoice | (14,711) | - | - | - | (14,711) | - | - | - | (14,711) | (44,133) |
| Retention Bonus for Late Payroll | - | (13,000) | - | - | - | - | - | - | - | (13,000) |
| Vanessa Compensation | - | - | (5,000) | - | (5,000) | - | (5,000) | - | (5,000) | |
| **Cash Payroll Expenses** | (95,893) | (13,000) | (86,182) | - | (100,893) | - | (86,182) | - | (100,893) | (483,043) |
| *Other Operating Expenses* | | | | | | | | | | |
| Rent or Lease + CAM Charges Combined | - | (34,159) | (34,159) | - | - | - | - | (34,159) | | (102,477) |
| Cost of Goods for Active Projects | (21,000) | (70,000) | (38,000) | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | | (304,000) |
| Cost of Goods for Specialty Project | - | - | - | - | - | - | - | (100,000) | | (100,000) |
| Equipment Lease Vendor 1 | - | (1,771) | - | - | - | (1,771) | - | - | | (3,542) |
| Equipment Lease Vendor 2 | - | - | (976) | - | - | - | - | (976) | | (1,951) |
| Insurance Expense - Business Insurance | (3,382) | - | - | - | (3,382) | - | - | - | | (6,763) |
| Software / Subscriptions Total | (1,653) | (1,653) | (9,933) | (1,653) | (1,653) | (1,653) | (1,653) | (9,933) | | (29,785) |
| Bookkeeping Fees | (1,759) | - | (1,700) | - | - | - | - | - | | (3,459) |
| Accounting Fees (New Accounting) | - | - | (10,000) | - | - | - | - | (5,000) | | (15,000) |
| Utilities, Telephone, & Office | (26,835) | (1,328) | (8,820) | (450) | (5,450) | (1,328) | (450) | (8,820) | | (53,481) |
| Shipping Expense | (10,000) | (10,000) | (10,000) | (10,000) | (10,000) | (10,000) | (10,000) | (10,000) | | (80,000) |
| Printing + Reproduction | (23,000) | (27,000) | (39,978) | (26,798) | (26,798) | (26,798) | (26,798) | (26,798) | | (223,968) |
| Airfare | (9,000) | - | - | - | - | - | - | - | | (9,000) |
| Speciality Vendors | (46,900) | - | (24,000) | - | (50,000) | (35,000) | - | - | | (155,900) |
| Other | (36,594) | (6,549) | (36,996) | (27,547) | (27,547) | (27,547) | (27,547) | (27,547) | | (217,876) |
| **Total Cash Operating Expenses** | (180,123) | (152,460) | (214,562) | (101,448) | (159,830) | (139,097) | (101,448) | (258,233) | | (1,307,202) |

*Explaination for Changes:* *Expense forecasting has also been revised based on the latest data. In weeks 2 and 3, expenses exceeded prior budget by $44k and $61k, respectively. The largest sources of variance were greater project-related costs, including costs related to newly won projects (~$40k), line-items not previously accounted for (~40k), and faster time frames for certain vendor payments (~$20k). Total Cash Operating expenses increased by $394,000 over prior budget due to new assumptions to account for the upfront costs associated with newly won mandates and previously missed delivery-related line-items. COGS for Active Projects was also revised upward. This line item was underestimated previously and can vary radically week-to-week depending upon the nature of the projects in pipeline.*

## TPD Design House 9 Week Budget (REVISED)
*4/27/2026*

| Week | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Beginning | 4/5/2026 | 4/12/2026 | 4/19/2026 | 4/26/2026 | 5/3/2026 | 5/10/2026 | 5/17/2026 | 5/24/2026 | 5/31/2026 | |
| Ending | 4/11/2026 | 4/18/2026 | 4/25/2026 | 5/2/2026 | 5/9/2026 | 5/16/2026 | 5/23/2026 | 5/30/2026 | 6/6/2026 | |
| *Critical Vendor Payments* | | | | | | | | | | |
| Critical Vendor 1 | (11,500) | (11,500) | - | (23,000) | (11,500) | (11,500) | (11,500) | (11,500) | (11,500) | (103,500) |
| Critical Vendor 2 | (36,000) | (21,000) | - | (10,000) | (10,000) | (10,000) | (10,000) | (10,000) | (10,000) | (117,000) |
| Critical Vendor 3 | - | (20,000) | - | (10,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (55,000) |
| Critical Vendor 4 | - | - | - | - | - | - | - | - | - | - |
| Critical Vendor 5 | - | (71,120) | - | - | - | - | - | (71,120) | - | (142,240) |
| Critical Vendor 6 | - | (97,819) | - | - | - | - | - | (97,819) | - | (195,637) |
| **Total Critical Vendor Payments** | (47,500) | (221,439) | - | (43,000) | (26,500) | (26,500) | (26,500) | (195,439) | (26,500) | (613,377) |

*Explaination for Changes:* Due to a cash shortfall in week 3, the Company had to push installment payments for Critical Vendors 1 and 2 to this week (once further DIP financing is approved). Vendors 2 and 3 have been aggressive about arrears and require the above payment schedule to continue work. With respect to Critical Vendor 2, TPD reached a deal requiring further installment payments to reduce the balance. With respect to Critical Vendor 3, those installment payments were previously reflected within ordinary operating expenses and thus bucketed incorrectly. That categorization issue has been fixed. Despite the noted increase, TPD has been aggressive about minimizing payments for pre-petition vendor arrears.

| *Reorganization Expenses* | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| US Trustee QUARTERLY FEES | - | - | (10,500) | - | - | - | - | - | | (10,500) |
| SKH Law Professional Fees | - | - | (10,500) | - | - | - | - | (24,000) | | (34,500) |
| Creditor Committee Professional Fees | - | - | - | - | - | - | - | (20,000) | | (20,000) |
| **Total Cash Reorganization Expenses** | - | - | (21,000) | - | - | - | - | (44,000) | | (65,000) |
| | | | | | | | | | | |
| **Cash Income** | | 29,500 | 252,526 | 159,750 | 130,770 | 366,300 | 141,750 | 256,770 | 193,500 | 1,530,866 |
| **Cash Expenses** | | (414,561) | (238,642) | (278,562) | (228,841) | (186,330) | (251,779) | (296,887) | (429,626) | (2,325,229) |
| **Change in Cash** | | (385,061) | 13,884 | (118,812) | (98,071) | 179,970 | (110,029) | (40,117) | (236,126) | (794,363) |
| *Cash Balance* | | | | | | | | | | |
| Beginning Balance | 10,000 | 30,000 | 40,536 | 54,420 | 30,000 | 30,000 | 209,970 | 99,941 | 59,824 | 10,000 |
| Change in Cash(1)(2) | (111,893) | (385,061) | 13,884 | (118,812) | (98,071) | 179,970 | (110,029) | (40,117) | (236,126) | (906,256) |
| DIP Facility | 131,893 | 395,597 | - | 94,392 | 98,071 | - | - | - | 206,303 | 926,256 |
| **Ending Balance** | 30,000 | 40,536 | 54,420 | 30,000 | 30,000 | 209,970 | 99,941 | 59,824 | 30,000 | 30,000 |
| *DIP Facility* | | | | | | | | | | |
| Beginning Balance | - | 131,893 | 527,490 | 527,490 | 621,882 | 719,953 | 719,953 | 719,953 | 719,953 | - |
| Draw | 131,893 | 395,597 | - | 94,392 | 98,071 | - | - | - | 206,303 | 926,256 |
| **Ending Balance** | 131,893 | 527,490 | 527,490 | 621,882 | 719,953 | 719,953 | 719,953 | 719,953 | 926,256 | 926,256 |

(1) Installment in week 1 made primarily to ensure payroll

(2) Overage of $17.5k ($527.5k drawn vs. $510.0k approved) due to lower cash collections and higher expenses during budget period. Explainations for variance noted above.