**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
| TPD Design House, LLC | : | Case No. 26-11073 (DJB) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**DEBTOR'S MOTION (I) PURSUANT TO BANKRUPTCY RULE 9024 TO AMEND INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO SECTIONS 364 AND 363 OF THE BANKRUPTCY CODE; AND (II) FOR EXPEDITED CONSIDERATION THEREOF PURSUANT TO LOCAL BANKRUPTCY RULE 5070-1(G)**

TPD Design House, LLC (the "Debtor"), by and through its undersigned counsel, hereby moves to amend this Court's interim order authorizing the Debtor to obtain post-petition financing, and in support hereof, states as follows:

**Jurisdiction & Venue**

1.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105, 361, 362, 363, 364 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Local Rules 1002 and 4001, and Bankruptcy Rules 1002, 2002, 4001, 9014 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Page | 1

**Background**

4.      On March 16, 2026 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code.

5.      The Debtor continues in possession of its property and operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.      By notice dated and filed on April 7, 2026, the Office of the United States Trustee created an official committee of unsecured creditors (the "Creditors Committee"), which is represented by Court-approved counsel. *See Dkt. Nos. 56 & 107.*

7.      One of the Debtor's first-day motions was a motion to use cash collateral, which was granted by this Court through the entry of two interim orders. *See Dkt. Nos. 37 & 99.*

8.      Unfortunately, the Debtor was unable to self-fund post-petition operations solely by using its cash collateral due to a combination of higher and more immediate expenses as well as slower post-petition collections as initially expected and projected by the Debtor.

9.      As a result, the Debtor filed an expedited motion seeking authority to borrower money pursuant to Bankruptcy Code Section 364(c)(1) (the "DIP Financing Motion") (capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the DIP Financing Motion). *See Dkt. No. 60.*

10.      After conducting a hearing on the DIP Financing Motion, this Court entered an order (the "DIP Financing Order") granting the DIP Financing Motion pursuant to an updated 9-week budget attached to said DIP Financing Order as Exhibit "A" (the "Original Projections"). *See Dkt. No. 100.*

11.     The Original Projections reflected anticipated borrowings by the Debtor under the DIP loan facility up to $926,256.00 through the week ending June 6, 2026.

12.     The Debtor now anticipates that borrowings during the same time period will be $1,352,362.00 (the "Updated Projections") for the following reasons:

- Cash receipts were approximately $137,000 less than expected in weeks 3-5, largely due to a lag in the collections of smaller accounts.

- The projected delays in receipts in weeks 6-9 arise from shifting project milestones (which in turn delays client invoice timing) as well as some delay in collecting on account of large branding clients.

- Expenses in weeks 6-9 increased by approximately $150,000.00 largely due to specialty vendor costs associated with a new project recently awarded from an major branding client.

13.     As of the filing of this Motion, the Lender advanced $7,000 more than was set forth in the Original Projections or as otherwise authorized by this Court for the applicable time period.  Furthermore, without knowing if and when an order will be entered on this Motion, the Lender is prepared to make additional advances greater than the Original Projections, but otherwise consistent with the Updated Projections due to the exigent cash needs of the Debtor.

14.     The Lender understands that all such advances beyond those authorized in the DIP Financing Order and as may be authorized pursuant to this Motion may be considered "at- risk" advances insofar as they are being made without the entry of an Order by this Court to approve the loan or extension of credit pursuant to Bankruptcy Code Section 364; nevertheless, the Lender has advanced to ensure that the Debtor is able to pay immediate and critical expenses to enable the Debtor's business to operate.

**Relief Requested**

15.    The Debtor requests that this Court amend the DIP Financing Order to authorize the Debtor to obtain post-petition financing in an aggregate principal amount not to exceed $1,352,362.00.  Furthermore, the Debtor seeks ratification of all such advances that are consistent with the Updated Projections (including any overage authorized by this Court), but that occurred prior to the entry of an order authorizing same.  *All other terms of the DIP Financing Order will remain in place and are unaltered except to the extent of the amount of the loan as set forth in this Motion.*

16.    The Debtor believes that this Court has the authority to authorize an increase under the DIP financing facility by treating this Motion as an amended motion under Bankruptcy Code Section 364 or through a separate request to amend the DIP Financing Order pursuant to Bankruptcy Rule 9024, which makes Federal Rule of Civil Procedure 60 applicable in a bankruptcy case (except in certain limited circumstances, none of which exists here).

17.    Pursuant to Federal Rule of Civil Procedure 60(b)(6), this Court may relieve the Debtor from the DIP Financing Order on just terms for, among other reasons, "any other reason that justifies relief." *See In re Farmland Indus., Inc.*, 294 B.R. 855 (Bankr. W.D. Mo. 2003).

18.    The reason for amending the DIP Financing Order arises from the immediate need for the Debtor to borrow amounts in excess of the Original Projections and as otherwise set forth in the Updated Projections.

Page | 4

**The DIP Financing Order Should be Amended**

19.    The Debtor's intended use of the proceeds of the Loan is to fund working capital needs pursuant to the Updated Projections if and as they arise and to the extent that the Debtor lacks funds from collections sufficient to address such working capital needs.

20.    As set forth *supra*, the cash flow challenges experienced by the Debtor arise from delays in collections as well as increased expenses, in part due to work originated post-petition, which was not fully predictable at the time that the Debtor created the Original Projections.

21.    All advances under the Loan will continue to be at the discretion of the Lender, which is to say that the Debtor has to demonstrate to the Lender that any Loan advances being sought are necessary and in furtherance of the Debtor's business.

22.    The Debtor does not believe it would be able to obtain the additional unsecured credit sought herein allowable under Bankruptcy Code Section 503(b)(1) as an administrative expense pursuant to terms as or more favorable to the terms of the Loan.

**Basis For Expedited Consideration**

23.    The Debtor is seeking expedited consideration of the within Motion because the Debtor has an immediate need for funds to service its post-petition obligations.  Accordingly, in the absence of expedited consideration of this Motion, the Debtor would be irreparably harmed by not being able to receive immediate funding through the time period ending June 6, 2026 not to exceed $1,352,362.00, all as set forth in the Updated Projections.

24.    Without the relief requested herein, the Debtor, its estate and its business would suffer immediate and irreparable harm; accordingly, this Court can conduct the requested

emergency hearing and enter the relief sought herein under Bankruptcy Rule 4001(c)(2).

25. Pursuant to Local Bankruptcy Rule 5070-1(g), the Debtor advised the following parties by email on May 14, 2026 that it intended to file the within Motion (the "Notice Parties"): (i) the Office of the United States Trustee, (ii) all secured creditors that may have an interest in cash collateral; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) the Internal Revenue Service and any other taxing authorities to which the Debtor is subject, and (v) any person requesting notice pursuant to Fed. R. Bankr. P. 2002.   The Debtor did not provide those parties with a copy of the within Motion because it was not yet completed.

26. The Debtor did not receive any objection to its request for expedited consideration of this Motion.

### Notice

27. In accordance with Bankruptcy Rule 4001(c)(1)(C) and Local Rules 1002-2(d) and 9014-3, as applicable, if the Debtor's request for expedited consideration of this Motion is granted, the Debtor proposes to serve by email, facsimile, or overnight mail the accompanying order and a copy of the Motion and proposed orders to the same Notice Parties as set forth above.

28. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter an order,

substantially in the form submitted and grant such other and further relief as is just and

proper.

Dated: May 14, 2026                    SMITH KANE HOLMAN, LLC

                                       By: __/s/ David B. Smith_____
                                       David B. Smith, Esquire
                                       112 Moores Road, STE 300
                                       Malvern, Pa 19355
                                       (610) 407-7217
                                       dsmith@skhlaw.com
                                       Counsel for the Debtor