**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | CHAPTER 11 |
| | : | |
| TPD Design House, LLC | : | Case No.26-11073 (DJB) |
| | : | |
| Debtor | : | |
| | : | |

**DECLARATION OF VANESSA KRECKEL IN SUPPORT OF DEBTOR'S MOTION (I)
PURSUANT TO BANKRUPTCY RULE 9024 TO AMEND INTERIM ORDER
AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING
PURSUANT TO SECTIONS 364 AND 363 OF THE BANKRUPTCY CODE; AND (II)
FOR EXPEDITED CONSIDERATION THEREOF PURSUANT TO
LOCAL BANKRUPTCY RULE 5070-1(G)**

I, Vanessa Kreckel, hereby declare under penalty of perjury:

1.　　　　I am the sole owner and manager of TPD Design House, LLC, the above captioned debtor and debtor-in-possession (the "Debtor").  I am familiar with the Debtor's day-to-day operations, organizations, financial affairs, and books and records.

2.　　　　On April 13, 2026, the Debtor filed an expedited motion seeking authority to borrower money pursuant to Bankruptcy Code Section 364(c)(1) (the "DIP Financing Motion").  *See Dkt. No. 60.*

3.　　　　On May 7, 2026, this Court entered an Order (the "DIP Financing Order") granting the DIP Financing Motion and authorized the Debtor to borrow pursuant to projections set forth in a 9-week budget attached to said DIP Financing Order as Exhibit "A" (the "Original Projections").  *See Dkt. No. 100.*

4.　　　　Since then, and with the benefit of closely monitoring the status of receipts and the incurrence of expenses as well as how the Debtor's new post-petition engagements

have impacted the Original Projections, the Debtor has created updated projections the reflect

a need for borrowings during the same time period as the Original Projections, which reflect

anticipated loan draws in the aggregate amount $1,352,362.00 (the "Updated Projections"), not

$926,256.00 as projected in the Original Projections.

5.      I participated in the preparation of the Updated Projections and believe that

they are an accurate prediction of the Debtor's collections and disbursements during the 13-

week period depicted in the Updated Projections.

6.      The reasons for the changes from the Original Projections to the Updated

Projections as well as the increased need by the Debtor for additional borrowings is as follows:

- In weeks 3-5, cash receipts were approximately $137,000 less than expected, largely due to a lag in the collections of smaller accounts.

- In weeks 6-9, there are projected delays in receipts arising from shifting project milestones, which in turn delays client invoice timing and therefore delayed receipts.

- In weeks 6-9, there also is some delay in collections due to a collection lag on account of large branding clients.

- In weeks 6-9, the expenses increased by approximately $150,000.00 largely due to specialty vendor costs associated with a new project recently awarded by a major branding client.

7.      As of the filing of the Motion, the DIP lender advanced $7,000 more than

was set forth in the Original Projections or as otherwise authorized by this Court for the

applicable time period.

8.      Furthermore, without knowing if and when an order will be entered on the

Motion, due to the exigent cash needs of the Debtor, the DIP lender is prepared to make

additional advances starting on the day that the Motion is filed in an amount greater than the

Original Projections, but otherwise consistent with the Updated Projections.

9.      The DIP lender understands that all such advances beyond those authorized in the DIP Financing Order and as may be authorized pursuant to the Motion may be considered "at- risk" advances insofar as they are being made without the entry of an Order by this Court to approve the loan or extension of credit pursuant to Bankruptcy Code Section 364; nevertheless, the DIP lender has advanced to ensure that the Debtor is able to pay immediate and critical expenses to enable the Debtor's business to operate.

10.     By the Motion, the Debtor requests that this Court amend the DIP Financing Order to authorize the Debtor to obtain post-petition financing in an aggregate principal amount not to exceed $1,352,362.00.

11.     Furthermore, the Debtor seeks ratification of all such advances that are consistent with the Updated Projections (including any overage authorized by this Court).

12.     All other terms of the DIP Financing Order will remain in place and are unaltered except the amount of the loan as set forth in the Updated Projections.

13.     The Debtor's intended use of the proceeds of the DIP financing is to fund working capital needs pursuant to the Updated Projections if and as they arise and to the extent that the Debtor lacks funds from collections sufficient to address such working capital needs.

14.      As set forth above, the cash flow challenges experienced by the Debtor arise from delays in collections as well as increased expenses, in part due to work originated post-petition.  None is this was fully predictable at the time that the Debtor created the Original Projections.

15.      All advances under the DIP loan will continue to be at the discretion of the DIP lender, which is to say that the Debtor has to demonstrate to the DIP lender that any loan advances being sought are necessary and in furtherance of the Debtor's business.

16.	The Debtor does not believe it would be able to obtain the additional unsecured credit sought herein allowable under Bankruptcy Code Section 503(b)(1) as an administrative expense pursuant to terms as or more favorable to the terms of the DIP loan.

I declare under penalty of perjury that the foregoing is true and correct.

May 14, 2026	*/s/ Vanessa Kreckel*_____

Vanessa Kreckel, Manager and sole member of
TPD Design House, LLC