UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| TPD DESIGN HOUSE, LLC | : | |
| | : | Case No.  26-11073 (DJB) |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER (I) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND AN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASE, (III) ALLOWING FOR THE SUBMISSION OF COMPETITIVE OFFERS AND APPROVING A BREAKUP FEE AND (IV) GRANTING RELATED RELIEF**

AND NOW, this ____ day of May, 2026, upon consideration of the Debtor's Motion For Entry Of An Order (I) Authorizing The Sale Of Assets Free And Clear Of Liens, Claims And Encumbrances, (II) Authorizing The Assumption And Assignment Of Certain Executory Contracts And An Unexpired Non-Residential Real Property Lease, (III) Allowing For The Submission Of Competitive Offers And Approving A Breakup Fee And (IV) Granting Related Relief (the "Sale Motion") (capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Sale Motion or in the APA (hereinafter defined)); and this Court having found it has jurisdiction over the relief requested in the Sale Motion under 28 U.S.C. §§ 157 and 1334; and this being a core proceeding under 28 U.S.C. § 157(b); and venue being proper under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Sale Motion having been given under the circumstances; and it appearing that the relief requested by this Sale Motion is in the best interests of the Debtor, its Estate, and its creditors and other parties in interest; and this Court having reviewed the Sale Motion and having heard the statements in support of the relief

185894323.1

requested therein at a hearing before this Court (the "Sale Hearing"); and this Court having

determined that the legal and factual bases set forth in the Sale Motion and at the Hearing establish

just cause for the relief granted herein; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The legal and factual bases set forth in the Sale Motion and the Hearing establish

just and sufficient cause to grant the relief set forth herein.

B.      On April 27, 2026, the Debtor and Oslo Blue, LLC (the "Purchaser") entered into

that certain Asset Purchase Agreement (such agreement, together with all schedules and exhibits

attached thereto, the "APA" attached as **Exhibit A** to the Sale Motion (the fully executed version

of which, along with all completed Schedules, appears at Docket No. 120) and the transactions

contemplated therein, collectively, the "Sale Transactions").

C.      **Jurisdiction and Venue.**  This Court has jurisdiction to consider this Sale Motion

under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

this case and this Sale Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

D.      **Statutory Predicates.**  The statutory predicates for the relief sought in the Sale

Motion are sections 105, 363 and 365 of title 11 of the United States Code ("Bankruptcy Code"),

Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy

Rules"), and Rules 2002-2, 6004-1, and 9014-3 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the Eastern District of Pennsylvania ("Local

Rules").

E.      **Final Order**.  This Order constitutes a final order within the meaning of 28 U.S.C.

§ 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and/or 6006(d), and to any extent necessary

2

under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

F.      **Notice.**  The provision to the parties identified on the certificate of service with respect to the Sale Motion and the relief requested therein, the proposed sale, the time and place of the Sale Hearing, and the time for filing objections to the Sale Motion was reasonably calculated to, and in fact did, provide all interested parties with timely and proper notice of the Sale Motion and the relief requested therein, the proposed Sale Transactions, the time and place of the Sale Hearing, and the time for filing objections to the Sale Motion.

G.      As evidenced by the certificates of service previously filed with the Court at Docket No. 115, proper, timely, adequate, and sufficient notice of the Sale Motion, Sale Hearing and Sale Transactions, has been provided, sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9008, and no other or further notice of the Sale Motion or Sale Hearing is or shall be required.  The disclosures made by the Debtor concerning the Sale Motion and Sale Hearing were good, complete, and adequate.

H.      **Corporate Authority.**  Subject to the entry of this Order, the Debtor (i) has the requisite power and authority to execute, deliver, and perform his obligations under the APA and all other documents contemplated thereby.  No government, regulatory, or other consents other than those expressly provided for in the APA were required for the execution, delivery and performance by the Debtor of the APA or the consummation of the Sale Transactions.

I.      The APA was negotiated in good faith and at arm's-length. The Purchaser participated in the sale process in good faith.  The consideration to be paid by the Purchaser under

185894323.1

the APA was negotiated at arm's-length and constitutes (i) fair, adequate, and reasonable consideration for the Purchased Assets and (ii) reasonably equivalent value for the Purchased Assets. The terms and conditions set forth in the APA are fair and reasonable under these circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtor or its creditors under any applicable laws.

J.        **Free and Clear.**  The Purchased Assets are property of the Debtor's Estate and title thereto is vested in the Debtor's Estate within the meaning of section 541(a) of the Bankruptcy Code.  Subject to sections 363(f) and 365(a) of the Bankruptcy Code, the transfer of each of the Purchased Assets to Purchaser, in accordance with the APA will be, as of the Closing Date, a legal, valid, and effective transfer of the Purchased Assets, which transfer vests or will vest Purchaser with all right, title, and interest of the Debtor's Estate to the Purchased Assets free and clear of all liens.  Purchaser would not have entered into the APA and would not consummate the transactions contemplated thereby if the sale to Purchaser was not free and clear of all liens, claims, encumbrances or interests other than the Assumed Liabilities (as defined in the APA).

K.        **Contracts and Leases.**   The executory contracts and leases set forth in Schedule 1.1(c) to the APA are capable of being assumed and assigned by the Debtor to the Purchaser, and the Purchaser is able to assume and perform after the closing of the sale any and all obligations and liabilities under the Assigned Contracts/Leases, including the obligation to pay the amounts needed to effect a cure of any arrearages thereunder.

L.        **Sale in Best Interests of the Debtor's Estate; Consideration**.   Good and sufficient reasons for approval of the APA and the transactions to be consummated in connection therewith have been articulated, and the relief requested in the Sale Motion is in the best interests of the Debtor, its Estate, its creditors, and other parties in interest.  The Debtor has demonstrated

185894323.1

both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the sale other than in the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the sale to Purchaser is necessary and appropriate to maximize the value of the Debtor's Estate.

M.      The total consideration provided by the Purchaser for the Purchased Assets as reflected in the APA is the highest and otherwise best offer received by, and available to, the Debtor for the Purchased Assets. The Debtor's determination that the APA is the highest and otherwise best offer constitutes a valid and sound exercise of the Debtor's business judgment, and the Debtor's decision to enter into the APA and the Sale Transaction constitutes a proper exercise of the Debtor's business judgment. The offer of the Purchaser, upon the terms and conditions set forth in the APA, including the total consideration to be realized by the Debtor thereunder, (i) is the highest and otherwise best offer received by the Debtor after an extensive pre-petition marketing process, and (ii) is in the best interests of the Debtor, its creditors, its Estate and other parties in interest. Taking into consideration all relevant factors and circumstances, no other entity has submitted a higher or otherwise better offer to purchase the Purchased Assets from the Debtor, and the Sale Transaction is the best alternative for the Debtor.

N.      **The Good Faith of Purchaser and Seller.** Purchaser is purchasing the Purchased Assets, in accordance with the APA, in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to all of the protections afforded by such provision, and otherwise has proceeded in good faith in all respects in connection with the Debtor's bankruptcy case. As demonstrated by (i) evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, appropriate marketing efforts were conducted and, among other things: (a) the Purchaser in no way coerced

185894323.1

the Debtor; and (b) all payments to be made by Purchaser in connection with the Sale have been disclosed.  Based on the record in these cases and at the Hearing on this Sale Motion, neither the Debtor nor Purchaser has engaged in any conduct that would cause or permit the APA to be avoided under Bankruptcy Code section 363(n).

O.      **No Merger.**  Purchaser is not a mere continuation of the Debtor and there is no continuity of enterprise between the Debtor and Purchaser.  Purchaser is not a mere continuation of the Debtor or its Estate by any reason or any theory of law or equity, and the transactions contemplated under the APA do not amount to a consolidation, merger or de facto merger of Purchaser and the Debtor.

P.      **Not an Insider.**  Immediately prior to the Closing Date, the Purchaser was not an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders existed between the Debtor and Purchaser.

Q.      **No Successor.**  Except for the contractual commitments of Purchaser under the Assumed Liabilities, Purchaser is not, and shall not be considered or deemed, as a result of any action taken in connection with the Sale Transaction, to be a successor in interest of the Debtor or its Estate for any purpose, including but not limited to under any federal, state, or local statute or common law, or revenue, pension, ERISA, tax, labor, employment, environmental, escheat or unclaimed property laws, or other law, rule, or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtor's liability under such law, rule, or regulation or doctrine or common law, or under any product warranty liability law or doctrine with respect to the Debtor's liability under such law, rule or regulation or doctrine and Purchaser and its affiliates shall have

6

no liability or obligation under the Workers Adjustment and Retraining Act (the "WARN Act"),

929 U.S.C. §§ 210 et seq., or the Comprehensive Environmental Response Compensation and

Liability Act, and shall not be deemed to be a "successor employer" for purposes of the Internal

Revenue Code of 1986, Title VII of the Civil Rights Act of 1964, as amended, the Age

Discrimination in Employment Act, the Americans with Disability Act, the Family Medical Leave

Act, the National Labor Relations Act, the Labor Management Relations Act, the Older Workers

Benefit Protection Act, the Equal Pay Act, the Civil Rights Act of 1866 (42 U.S.C. 1981), the

Employee Retirement Income Security Act, the Multiemployer Pension Protection Act, the

Pension Protection Act and/or the Fair Labor Standards Act.  Except for the (i) Assumed

Liabilities, and (ii) transfer of the Purchased Assets to Purchaser, the Sale Transaction will not

subject Purchaser to any liability whatsoever with respect to the operation of the Debtor's business

before the Closing Date (as defined in the APA) or by reason of such transfer under the laws of

the United States, any state, territory, or possession thereof, based, in whole or in part, directly or

indirectly, on any theory of law or equity.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Sale Motion is GRANTED as set forth herein, and the proposed sale of Purchased Assets to the Purchaser upon the terms and conditions set forth in the APA is hereby approved.

2.       Any objections or reservation of rights filed or asserted in response to the Sale Motion and the relief granted herein, to the extent not resolved as set forth herein or on the record at the Sale Hearing, are hereby overruled on the merits in their entirety with prejudice.

3.       In resolution of the Limited Objection and Reservation of Rights of the Official Committee of Unsecured Creditors [Docket No. 123], and notwithstanding anything herein to the

7

185894323.1

contrary, the Purchase Price shall be increased by $80,000.00, which amount is allocable to the Avoidance Actions included in the Purchased Assets, and the APA shall be deemed amended accordingly. Such $80,000.00 shall constitute unencumbered funds of the Estate, free and clear of any liens, claims, or encumbrances, and shall be segregated and held in a reserve account until further order of this Court. For the avoidance of doubt, the Debtor shall not use such funds in the operation or administration of its business. Such funds shall be available solely for distribution to creditors holding allowed claims against the Estate in accordance with the priorities established under the Bankruptcy Code, or as otherwise ordered by this Court, and shall be accessible to any subsequently appointed estate fiduciary.

4.      As clarified at the Sale Hearing, the Purchaser shall be responsible for all obligations incurred by the Debtor after the Petition Date in the ordinary course of the Debtor conducting business operations, including the Debtor's professionals, through the date of consummation of the Sale Transaction, and the APA shall be deemed amended accordingly.

5.      The APA, and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved, as amended by this Order.

6.      Pursuant to sections 105 and 363(f) of the Bankruptcy Code, upon consummation of the Sale, the Purchased Assets shall be transferred to the Purchaser. Upon such transfer, the Purchaser shall be vested with all right, title and interest of the Debtor in and to the Purchased Assets free and clear of any and all liens, which liens, if any, shall attach to the proceeds of the sale, with the same validity, extent, and priority, and subject to the same defenses (including, without limitation, any defenses under chapter 5 of the Bankruptcy Code), as had attached to such asset immediately prior to the sale.

185894323.1

7.        Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Debtor is hereby authorized without the need of further approval from this Court to (a) execute any additional instruments or documents that may be reasonably necessary or appropriate to implement the APA, *provided* that such additional documents do not materially change the APA's terms adversely as to the Debtor's Estate or any non-consenting third parties; (b) consummate the Sale Transactions in accordance with the terms and conditions of the APA and the instruments to the APA contemplated thereby; and (c) execute and deliver, perform under, consummate, implement, and close fully the transactions contemplated by the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale. Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the APA or any other sale-related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Order, *provided, however*, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

8.        The Debtor is hereby authorized to assume the executory contracts and leases set forth in Schedule 1.1(c) to the APA and assign same to the Purchaser.  The Purchaser shall assume and perform after the closing of the sale any and all obligations and liabilities under the Assigned Contracts/Leases, including the obligation to pay the amounts needed to effect a cure of any arrearages thereunder.

9.        This Order and terms and provisions of the APA shall be binding in all respects upon the Debtor, its Estate, all creditors of, and holders of equity interests in, the Debtor, any holders of encumbrances in, against, or on all or any portion of the Purchased Assets (whether

9

185894323.1

known or unknown), Purchaser and all successors and assigns of Purchaser, the Purchased Assets, and all parties in interest in the Debtor's bankruptcy case. This Order and the APA shall inure to the benefit of the Debtor, the Estate, the Purchaser, and the respective successors and assigns of each of the foregoing. The APA shall not be subject to rejection or avoidance by the Debtor or the Estate, or any Debtor, examiner, or receiver.

10.    Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Purchased Assets to Purchaser in accordance with the APA and such transfer shall constitute a legal, valid, binding, and effective transfer of such Purchased Assets. Such transfer of the Purchased Assets shall vest Purchaser with title in and to the Purchased Assets and, other than the Assumed Liabilities, Purchaser shall take title to and possession of the Purchased Assets free and clear of all encumbrances (other than the Assumed Liabilities) of any kind or nature whatsoever, with all such encumbrances to attach to the sale proceeds, if any, with the same validity, force and effect, and in the same order of priority, which such lien had prior to the sale, subject to any rights, claims and defenses of the Debtor, and/or its Estate in connection therewith.

11.    On the Closing Date (as defined in the APA), each of the Debtor's creditors is authorized to execute such documents and take all other actions as may be reasonably necessary to release its liens or other interests in the Purchased Assets, if any, as such liens may have been recorded or may otherwise exist.

12.    If any person or entity that has filed statements or other documents or agreements evidencing liens on, against, or in, all or any portion of the Purchased Assets (other than statements or documents with respect to the Assumed Liabilities) shall not have delivered to the Debtor prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination

185894323.1

statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all liens of any kind or other interests that the person or entity has or may assert with respect to all or any portion of the Purchased Assets, the Debtor is hereby authorized, and Purchaser is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Purchased Assets.

13.    Except for the Assumed Liabilities, Purchaser shall not have any liability or other obligation of the Debtor arising under or related to any of the Purchased Assets.  Without limiting the generality of the foregoing, and as expressly permitted in the APA, Purchaser shall not be liable for any liens (other than the Assumed Liabilities) including, but not limited to, any liability for any liabilities whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Debtor's business prior to the Closing Date.

14.    Except as expressly permitted by this Order, or as expressly assumed pursuant to the APA, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, parties to executory contracts, customers, lenders, trade and other creditors, holding or asserting any claim of any kind or nature with respect to, arising under or out of, in connection with, or in any way relating to, the Debtor, any asset sold pursuant to this Order, the operation of the Debtor's business, shall be, and hereby are forever barred, estopped and permanently enjoined from asserting such claim against the Purchaser, its successors and assigns, or the Purchased Assets.  The entry of this Order and

185894323.1

consequent approval of the APA shall mean that the Purchaser shall not be deemed to (i) be the successor of (under any state, territorial, or federal law) or successor employer to the Debtor and shall instead be, and be deemed to be, a new employer with respect to any and all federal or state unemployment laws; (ii) have, de facto, or otherwise, merged or consolidated with or into the Debtor; (iii) be a mere continuation or substantial continuation of the Debtor or the enterprise(s) of the Debtor; or (iv) be liable for any acts or omissions of the Debtor in the conduct of their business or arising under or related to the Purchased Assets other than as set forth in the Sale Agreement and this Order.  Without limiting the generality of the foregoing, the Purchaser shall not be liable for any liability (other than the Assumed Liabilities) against any Debtor, or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liability of any kind or character whatsoever with respect to the Purchased Assets.  The Purchaser would not have acquired the Purchased Assets but for the foregoing protections against potential claims based upon "successor liability" theories.

15.     **No Successor Liability.** Purchaser and its successors and assigns shall not be deemed, as a result of any action taken in connection with the transfer of the Purchased Assets, (i) to be a successor to the Debtor or its Estate, (ii) to have, de facto or otherwise, merged or consolidated with or into the Debtor or its Estate, (iii) to be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor, (iv) to have a common identity with the Debtor, (v) to have acquired the trade or business of the Debtor for any purpose under applicable U.S. federal law (including the Bankruptcy Code and the Internal Revenue Code of 1986, as amended), or (vi) to be held out to the public as a continuation of the Debtor or the Debtor's trade or business, and Purchaser shall have no successor, transferee, or vicarious liability of any kind or character, including, but not limited to, under any theory of foreign, federal, state, or local antitrust,

12

185894323.1

environmental, successor, tax, ERISA, assignee, or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, or regulation, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date.  Except as otherwise provided herein or in the APA, the transfer of the Purchased Assets to Purchaser pursuant to the APA shall not result in Purchaser or the Purchased Assets having any liability or responsibility for, or being required to satisfy in any manner, whether in law or in equity, whether by payment, setoff, or otherwise, directly or indirectly, any claim against the Debtor or against any insider of the Debtor or any liens, claims, interests, or encumbrances.

16.     **Consideration.** The consideration provided by Purchaser under the APA constitutes (i) reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration and fair value under any other applicable Laws of the United States, any state, territory or possession thereof, or the District of Columbia.  The consideration provided by Purchaser for the Purchased Assets under the APA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

17.     **Good Faith.** The transactions contemplated by the APA are undertaken by Purchaser without collusion and in "good faith," as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale with Purchaser, unless such authorization is duly stayed pending such appeal.  Purchaser is a good faith purchaser

13

of the Purchased Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

18. **Failure to Specify Provisions**. The failure specifically to include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA be authorized and approved in its entirety; *provided*, *however*, that this Order shall govern if there is any inconsistency between the APA (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are non-severable and mutually dependent. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion, the terms of this Order shall control.

19. **Non-Material Modifications**. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's Estate or any nonconsenting third parties.

20. **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and/or 6006(d), this Order shall be effective and enforceable immediately upon its entry. Time is of the essence in closing the transactions referenced herein, and the Debtor and Purchaser are hereby authorized to close the Sale as soon as practicable.

21. **Calculation of Time**. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006.

22. **Further Assurances**. From time to time (but, in the case of the Debtor, not later than the closing of the Debtor's bankruptcy cases), as and when requested by any party, each party

185894323.1

shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the transactions contemplated by the APA including such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, in Purchaser its right, title and interest in and to the Purchased Assets.

**Dated:**  **June 1, 2026**

**DEREK J. BAKER**
**UNITED STATES BANKRUPTCY JUDGE**

185894323.1