**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>TPD Design House, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-11073 (DJB) |

**APPLICATION FOR ALLOWANCE OF INTERIM AND FINAL COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF FOX ROTHSCHILD LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR (I) THE INTERIM PERIOD OF JUNE 1, 2026 THROUGH JULY 21, 2026, AND (II) THE FINAL PERIOD OF APRIL 8, 2026 THROUGH JULY 21, 2026**

Fox Rothschild LLP ("Fox Rothschild" or "Applicant"), counsel for the Official Committee of Unsecured Creditors (the "Committee") for the estate of TPD Design House, LLC (the "Debtor"), in accordance with Fed. R. Bankr. P. 2016 and L.B.R. 2016-2, applies under 11 U.S.C. § 330 for an award of compensation and reimbursement of actual, necessary expenses (the "Application"), and respectfully represents as follows:

**PART A: PRELIMINARY STATEMENT AND BACKGROUND**

1. On March 16, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), commencing the above-captioned Chapter 11 case (the "Chapter 11 Case").

2. On April 7, 2026, the Office of the United States Trustee (the "U.S. Trustee") appointed the following persons to serve as members of the Committee: (i) Peter D'sa, (ii) Shon Michael, and (iii) Amit Patel.

3. On April 28, 2026, the Committee filed the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention*

*of Fox Rothschild LLP as Counsel, Effective as of April 8, 2026* (the "Retention Application") [Docket No. 87].

4. On May 8, 2026, this Court entered the *Order Authorizing and Approving the Employment and Retention of Fox Rothschild LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of April 28, 2026* (the "Retention Order") [Docket No. 107], authorizing and approving the retention of Fox Rothschild as counsel to the Committee. A copy of the Retention Order is attached hereto as **Exhibit A** and incorporated by reference herein.

5. On May 29, 2026, the U.S. Trustee filed the *Motion of the United States Trustee to Dismiss Debtor's Case or Convert to Chapter 7 for Failure to File Operating Reports* [Docket No. 128] (the "Motion to Convert").

6. On July 21, 2026, the Court entered an Order (the "Conversion Order") [Docket No. 150] converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

7. Pursuant to the Conversion Order, all professionals retained by the Debtor and the Committee, including the Applicant, are required to file final applications for compensation and reimbursement of expenses incurred during the Chapter 11 Case by September 4, 2026.

8. Through this Application, Fox Rothschild seeks payment of fees incurred and costs expended for the period June 1, 2026 through July 21, 2026 (the "Third Service Period") in the amount of $7,969.95, together with reimbursement of costs expended in the amount of $153.60.

9. Fox Rothschild further seeks final allowance and approval of total fees in the amount of $80,538.79 and reimbursement of actual and necessary expenses in the amount of $153.60, plus up to $4,000.00 for the preparation and filing of this Application, for the period of April 8, 2026 through July 21, 2026 (the "Final Compensation Period").

10. All services rendered and expenses incurred during the Third Service Period for which compensation or reimbursement is requested were performed or incurred for or on behalf of the Committee and not on behalf of any individual creditor or other person.

11. The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

12. The expenses described in this Application are actual, necessary expenses.

13. Fox Rothschild has advised the Committee with respect to all legal matters in connection with the Chapter 11 Case and the affairs of the Debtor and its estate, and with respect to all other matters arising in the performance of its duties as the Committee.

14. Fox Rothschild reports no fees related to travel time during the Third Service Period.

15. The partners, associates, and paraprofessionals of Fox Rothschild who have rendered professional services during the Third Service Period, the position of the professional, hourly rate, and total hours of services rendered are set forth on page 4 of **Exhibit B**. The nature of the work performed by these persons is fully detailed in the billing entries kept by each attorney and paralegal.

16. The Committee has reviewed and approved the requested amount set forth in this Application.

## PART B: GENERAL INFORMATION

17. **Third Service Period: June 1, 2026 through July 21, 2026**

Interim Application.[1]

[1] In light of the Conversion Order, and in lieu of also filing additional requests for payment on account in connection with the Third Service Period under L.B.R. 2016-5, Fox Rothschild files this combined Application for the allowance of compensation during (i) the interim Third Service Period and (ii) the Final Compensation Period.

Requested Fees: $7,969.95, which reflects a 10% discount of Fox Rothschild's normal hourly rates.

Expenses: $153.60

**Total:** **$8,123.55**

18. **General Information:**

a. Date case filed: March 16, 2026

b. Date of Committee formation: April 7, 2026

c. Date of Fox Rothschild Retention Application: April 28, 2026

d. Date employment approved: May 8, 2026, effective April 28, 2026[2]

e. First date services rendered in this case: April 8, 2026

f. The compensation requested in this Application is requested under 11 U.S.C. § 330 and all fees and expenses requested will be paid from the estate.

19. **Prior Applications and Requests for Payment on Account:** This is Applicant's first fee application. Applicant filed two prior (2) requests for payment on account, as follows:

a. On May 21, 2026, Fox Rothschild filed its *First Request, Pursuant to Local Rule 2016-5, for Payment on Account for Services Rendered and Reimbursement of Expenses of Fox Rothschild LLP, Counsel to the Official Committee of Unsecured Creditors, for the Period of April 8, 2026 through April 30, 2026* (the "First Request") [Docket No. 118], requesting fees in the amount of $34,277.85 and no expense reimbursement.

[2] Despite Fox Rothschild's retention being effective as of April 28, 2026, Fox Rothschild expressly reserved all rights to seek compensation from April 8, 2026 forward. *See* Retention Order at p. 1, n. 1. Accordingly, the First Request included a request for compensation for services rendered from April 8, 2026 through April 30, 2026. No objections were raised with respect to the First Request. *See* Certification of No Response [Docket No. 136].

b. On June 5, 2026, Fox Rothschild filed a Certification of No Response with regard to the First Request [Docket No. 136], and, pursuant to Local Rule 2016-5, was allowed fees in the amount of $27,422.28 (80% of $34,277.85).

c. On June 22, 2026, Fox Rothschild filed its *Second Request, Pursuant to Local Rule 2016-5, for Payment on Account for Services Rendered and Reimbursement of Expenses of Fox Rothschild LLP, Counsel to the Official Committee of Unsecured Creditors, for the Period of May 1, 2026 through May 31, 2026* (the "Second Request") [Docket No. 142], requesting fees in the amount of $38,137.50 and no expense reimbursement.

d. On August 19, 2026, Fox Rothschild filed a Certification of No Response with regard to the Second Request [Docket No. 159], and, pursuant to Local Rule 2016-5, was allowed fees in the amount of $30,510.00.

20. **Billing Rates:** The billing rates set forth in this Application are the normal hourly rates charged by Fox Rothschild for the services rendered and are consistent with those set forth in the Retention Application. The hourly rates are outlined on page 4 of **Exhibit B**. However, in accordance with the representations in the Retention Application, Fox Rothschild agreed to apply a 10% discount to its normal hourly rates in this case. The rates set forth in **Exhibit B** reflect such reduction. The time spent and rates charged were commensurate with the tasks addressed. Furthermore, the time spent and rates are considered the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

**PART C: BILLING SUMMARY**

21. **Description of Services**:

I. The nature of the work performed by the partners, associates, and paraprofessionals of Fox Rothschild, who have rendered professional services during the Third

Service Period, is fully detailed in the billing entries kept by each attorney and paralegal. The detailed billing entries are set forth in **Exhibit B**. Such professional services include, but are not limited to, the following:

a. Advising the Committee with respect to its rights, duties, and powers in this Chapter 11 Case and otherwise keeping the Committee abreast of key developments in the case;

b. Assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and the operation of the Debtor's business, including evaluating potential claims and actions against the Debtor's principals;

c. Assisting and advising the Committee in communications with unsecured creditors regarding significant matters in this Chapter 11 Case;

d. Assessing and reviewing claims against the estate, including administrative claims, and communicating with the Debtor regarding the validity of such claims;

e. Representing the Committee's interests in connection with certain hearings and proceedings, including attending and asking the Debtor questions at the Section 341 Meeting of Creditors;

f. Reviewing and analyzing pleadings, applications, and other court filings, and advising the Committee as to their propriety, including reviewing the U.S. Trustee's Motion to Convert and engaging in communications with the U.S. Trustee and the Debtor regarding the conversion of the Chapter 11 Case;

g. Assisting the Committee in preparing pleadings and other applications, including without limitation, the preparation of fee applications for the Committee's professionals; and

h. Performing such other legal services that were necessary or otherwise deemed to be in the best interests of the Committee, in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

Because the fees requested in this instant fee application for the Third Service Period are for an amount less than $75,000.00, a separate summary and breakdown of services rendered by category is not required under Local Rule 2016(e). However, for transparency purposes, the

Applicant notes that the categories were limited to case administration, fee/employment applications, litigation, and meetings of creditors, all of which were addressed above. Furthermore, the detailed billing entries in **Exhibit B** are broken down by billing category, and a summary of the time spent performing work in each category is provided on pages 3-4 therein.

II. Present Status of the Chapter 11 Case: On June 1, 2026, the Court entered an Order authorizing the sale of substantially all the Debtor's assets to Oslo Blue, LLC [Docket No. 132] (the "Sale Order"). Pursuant to the Sale Order, $80,000.00 of the Purchase Price was set aside as unencumbered assets of the Debtor's estate for the benefit of the unsecured creditors. After entry of the Sale Order, on July 21, 2026, the Court entered the Conversion Order, commencing the Chapter 7 Case. On July 22, 2026, the U.S. Trustee appointed Lynn E. Feldman as the Chapter 7 trustee.

22. **Details of Hours Expended**: Set forth in the attached **Exhibit B** is a list that shows the professional, date, activity, and time expended in connection with the professional services rendered during the Third Service Period of June 1, 2026 through July 21, 2026.

**PART D: EXPENSE SUMMARY**

23. Fox Rothschild has expended $153.60 for costs and expenses in connection with the representation of the Committee during the Third Service Period. The specific expenses are listed on page 4 of **Exhibit B**.

## CONCLUSION

WHEREFORE, Fox Rothschild respectfully requests that the Court (i) grant Fox Rothschild's request for interim compensation for fees in the amount of $7,969.95 for legal services rendered and $153.60 for reimbursement of actual and necessary expenses for the Third Service Period of June 1, 2026 through July 21, 2026; and (ii) allow final compensation for fees in the amount of $80,538.79 for legal services rendered and $153.60 for reimbursement of actual and necessary expenses for the Final Compensation Period of April 8, 2026 through July 21, 2026, plus an additional $4,000.00 as compensation for the preparation and filing of this Application; and (iii) grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: _/s/ Jesse M. Harris_
Jesse M. Harris, Esquire
Matthew A. Skolnick, Esquire
Two Commerce Square, 17th Floor
2001 Market Street
Philadelphia, PA 19103
Phone (215) 299-2000/Fax (215) 299-2150
jesseharris@foxrothschild.com
mskolnick@foxrothschild.com

Dated: August 20, 2026

*Counsel for the Official Committee of Unsecured Creditors*