# **Exhibit A**

## **Retention Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>TPD Design House, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11073 (DJB) |

**ORDER AUTHORIZING AND APPROVING THE APPLICATION OF THE EMPLOYMENT AND RETENTION OF FOX ROTHSCHILD LLP AS COUNSEL, EFFECTIVE AS OF APRIL 28, 2026**[1]

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (the "Debtor") for authorization to employ and retain Fox Rothschild LLP ("Fox Rothschild") to serve as counsel for the Committee, effective as of April 28, 2026; and upon consideration of the Declaration of Jesse M. Harris in support of the Application and the Declaration of Committee Chairperson in support of the Application; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157; and the Court having found that venue of this Chapter 11 Case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and a hearing having been held, if necessary, to consider the relief requested in the Application (the "Hearing"), and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found that Fox Rothschild does not hold or represent an interest adverse to the Debtor's estate, and is a disinterested person under section

---

[1] Fox Rothschild reserves all rights to seek compensation from April 8, 2026 forward and all parties reserve their rights to object to such compensation consistent with this Order.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms as in the Application.

101(14) of the Bankruptcy Code; and the Court having found that the employment and retention of Fox Rothschild is necessary, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

It is hereby **ORDERED** as follows:

1. The Application is granted as set forth herein.

2. Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Rule 2014-1 of the Local Rules, the Committee is authorized and empowered to employ and retain Fox Rothschild, effective as of April 28, 2026, to serve as its counsel in this Chapter 11 Case on the terms and conditions set forth in the Application and the Harris Declaration.

3. Fox Rothschild shall apply for, and be compensated for, professional services rendered and reimbursement of expenses in connection with the Chapter 11 Case in compliance with sections 328, 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, any applicable orders entered by this Court in respect of compensation of professionals and any case-specific fee protocols approved by the Court, after notice and a hearing pursuant to any other applicable procedures and orders of the Court.

4. Notwithstanding anything in the Application to the contrary, Fox Rothschild shall (i) to the extent that it uses the services of independent contractors or subcontractors (collectively, the "Contractors") in this case, pass through the cost of such Contractors at the same rate that Fox Rothschild pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Fox Rothschild; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

5. Fox Rothschild also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures, both in connection with the Application and the interim and final fee applications to be filed by Fox Rothschild in this Chapter 11 Case.

6. Fox Rothschild shall provide ten days' notice to the Debtor, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into in connection with the Committee's retention of Fox Rothschild are implemented and shall file such notice with the Court, *provided*, *however*, that in the event that the Fox Rothschild attorneys responsible for this matter do not have sufficient advance notice of such rate increases, Fox Rothschild shall provide notice to the Debtor, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the Fox Rothschild attorneys responsible for this matter.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. In the event of any inconsistency between the Application and this Order, this Order shall govern.

9. This Court shall retain jurisdiction over any and all matters arising from or relating to the interpretation of implementation of this Order.

DATE: **May 8, 2026**

Judge Derek J. Baker