**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>TPD DESIGN HOUSE, LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 26-11073 (DJB) |

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014 AND L.B.R. 2014-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF STEVENS & LEE, P.C. AS ATTORNEYS FOR LYNN E. FELDMAN, CHAPTER 7 TRUSTEE, NUNC PRO TUNC TO AUGUST 20, 2026**

Lynn E. Feldman (the "Trustee"), the chapter 7 trustee for the estate of TPD Design House, LLC (the "Debtor"), respectfully requests the entry of an order, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014, and L.B.R. 2014-1, authorizing the employment and retention of the law firm of Stevens & Lee P.C. ("Stevens & Lee") as her attorneys in this case, *nunc pro tunc* to August 20, 2026 (the "Application"). In support of this Application, the Trustee submits the Affidavit of Jason C. Manfrey, Esquire (the "Manfrey Affidavit"), which is attached hereto as **Exhibit "A"** and incorporated by reference herein, and respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Section 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and L.B.R. 2014-1.

**BACKGROUND**

4. On March 16, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), commencing the above-captioned Chapter 11 case (the "Chapter 11 Case").

5. On May 29, 2026, the U.S. Trustee filed the Motion of the United States Trustee to Dismiss Debtor's Case or Convert to Chapter 7 for Failure to File Operating Reports [Docket No. 128] (the "Motion to Convert").

6. On July 21, 2026, the Court entered an Order (the "Conversion Order") [Docket No. 150] converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

7. On or about July 22, 2026, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee, which appointment remains in effect.

8. The Trustee has determined, subject to this Court's approval, to retain Stevens & Lee as her attorneys in connection with the administration of this case, effective as of August 20, 2026, the date upon which Stevens & Lee commenced its services.

9. The Trustee seeks to employ Stevens & Lee because: (1) Stevens & Lee has extensive experience and knowledge in the field of debtors' and creditors' rights; and (2) Stevens & Lee's bankruptcy and restructuring attorneys have developed a familiarity with the Debtor's businesses and affairs and many of the potential legal issues which may arise in the context of this chapter 7 case. Stevens & Lee will provide its expertise with respect to bankruptcy-related issues (as well as non-bankruptcy related issues) and will act as general bankruptcy counsel for the Trustee.

10. The professional services that Stevens & Lee will provide to the Trustee, include, but shall not be limited to, the following:

a. prepare on behalf of the Trustee necessary applications, motions, answers, orders, reports and other legal papers;

b. provide legal advice with respect to the Trustee's powers and duties as chapter 7 trustee for the Debtor in the continued operation of the Debtor's business, management of its property and administration of its estate;

c. take necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Trustee and the defense of actions commenced against the Debtor;

d. investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business, and any other matter relevant to the chapter 7 case;

e. consult with the Trustee in connection with: (i) any actual or potential transactions involving the Trustee, and (ii) the operating, financial and other business matters relating to the ongoing activities of the Debtor;

f. attend meetings and negotiations with representatives of creditors and other parties in interest and advising and consulting on the conduct of the case;

g. advise the Trustee with respect to bankruptcy law aspects of any proposed sale or other disposition of assets;

h. to appear in Court and protect the interest of the Trustee, the estate, and its creditors; and

i. to perform all other legal services for the Trustee that may be necessary and proper in these proceedings.

11. To the best of the Trustee's knowledge, and except as disclosed in the Manfrey Affidavit, Stevens & Lee has not represented and does not have any connection with Debtor, its creditors, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matter relating to the Debtor or its estate.

12. To the best of the Trustee's knowledge and except as otherwise disclosed in the Manfrey Affidavit, Stevens & Lee does not hold or represent any interest adverse to the Debtor's estate, and is a "disinterested person" as that phrase is defined in 11 U.S.C. § 101(14).

## RELIEF REQUESTED

13. By this Application, pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014, and L.B.R. 2014-1, the Trustee seeks the entry of an order authorizing her to retain and employ Stevens & Lee, effective as of August 20, 2026, as her attorneys to represent and assist the Trustee in this chapter 7 proceeding.

14. The Trustee seeks to employ Stevens & Lee because of its extensive experience and knowledge in matters of this nature and the Trustee believes that Stevens & Lee is well qualified and competent to perform the services required by the Trustee.

15. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

16. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

17. Fed. R. Bankr. P. 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

18. Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to Stevens & Lee at its normal and customary rates, plus reimbursement of actual, necessary expenses and other charges incurred. The principal attorneys presently designated to represent the Trustee and their current standard hourly rates[1] are:

a. Jason Manfrey - $ 830 per hour

b. Scott Rever - $ 700 per hour

19. The hourly rates set forth above are Steven & Lee's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Stevens & Lee for the

[1] For purposes of this engagement, Stevens & Lee has agreed to cap the hourly rate at $600 per hour.

work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys may from time to time serve the Trustee in connection with the matters herein described.

20. It is Steven & Lee's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's cases. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Stevens & Lee to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research and transcription costs. Stevens & Lee will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Stevens & Lee's other clients. Stevens & Lee believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

21. The Trustee contends that Stevens & Lee's employment is necessary and in the best interests of the Trustee, its estate and the creditors.

**NOTICE**

22. Notice of this Application has been provided to: (a) the Office of the United States Trustee; (b) counsel to the Debtor; (c) counsel to the Debtor's prepetition lenders, if any; (d) all creditors; and (e) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

(A) Authorizing the Trustee to retain and employ Stevens & Lee as her attorneys in these proceedings pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014 and L.B.R. 2014-1, effective as of August 20, 2026; and

(B) Granting such other relief as is just and proper.

_*Lynn E. Feldman*_
Lynn E. Feldman, chapter 7 trustee for the estate of TPD Design House, LLC

Dated: August 27, 2026