**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | **CHAPTER 7 (converted from chapter 11)** |
| **TPD DESIGN HOUSE, LLC** | **Case No. 26-11073 (DJB)** |
| **Debtor.** | |

**NOTICE OF DEBTOR'S COMPLIANCE WITH**
**SHOW CAUSE ORDER AT DOCKET NO. 168**

Notice is hereby given with respect to the status of compliance with this Court's "Order Designating Debtor Representative and To Show Cause For Failure to Comply" dated September 1, 2026 at Docket No. 168 (the "Show Cause Order") as follows:

1. On March 16, 2026 (the "Petition Date"), TPD Design House, LLC (the "Debtor") filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. As of the Petition Date, the Debtor scheduled two bank accounts at Beacon Bank and two bank accounts at Bank of America; however, the Beacon Bank accounts were not being actively used by the Debtor at or after the Petition Date; instead, all banking activity for the Debtor was through its Bank of America accounts.

3. Also as of the Petition Date, the Debtor used QuickBooks as its financial accounting software; however, the Debtor did not regularly book and record its receipts and disbursements in QuickBooks and, accordingly, the Debtor's QuickBooks records were not a complete and current depiction of its historical financial transactions. Relatedly, the Debtor did not regularly book and record its post-petition receipts and disbursements in QuickBooks;

accordingly, as of the filing of this Notice, the Debtor is unable to prepare accurate financial reports reflecting its post-petition financial transactions.

4. After the Petition Date, the Debtor opened a debtor-in-possession account at Premier Bank (the "DIP Account"); however, there was minimal activity in the DIP Account, and the Debtor continued to use its prepetition Bank of America accounts post-petition.[1]

5. During the pendency of the Debtor's chapter 11 bankruptcy case, the Debtor obtained an order authorizing the sale of substantially all of its assets to Oslo Blue, LLC (the "Purchaser"), which sale was consummated during the chapter 11 case.

6. Thereafter, by Order dated and docketed on July 21, 2026, this Court converted the Debtor's chapter 11 case to a case under chapter 7 (the "Conversion Order"). *See* Dkt. No. 150.

7. Pursuant to the Show Cause Order, the Court designated Vanessa Kreckel as the representative of TPD Design House, LLC (the "Debtor") pursuant to Fed. R. Bankr. 9001(b)(5)(A). *See* Show Cause Order at ¶ 1.

8. Pursuant to paragraph 2 of the Show Cause Order, the Debtor (through Ms. Kreckel as the Debtor's representative) must file reports or schedules required by paragraph 3 of the Conversion Order on or before October 1, 2026. *See id.* at ¶ 2.

9. Given that the Debtor's QuickBooks are neither current nor complete, the Debtor lacks the ability to prepare the financial reports required by the Monthly Operating Reports.

---

[1] By Order dated March 20, 2026 (Dkt. No. 31), the Debtor was authorized to use its prepetition accounts for an interim period of 30 days; however, the Debtor continued to use its prepetition accounts for the pendency of its chapter 11 bankruptcy case.

10. Furthermore, Ms. Kreckel does not have access to the Debtor's bank account statements, including the Debtor's Bank of America account statements ending in 7518 and 9360.

11. Ms. Kreckel, however, does have access to information downloaded from the foregoing Bank of America account statements, which are attached hereto (with redactions) from the Petition Date through August of 2026.

12. The Debtor is unable to comply with all of the requirements of paragraph 3 of the Show Cause Order, but submits that the receipts and disbursements reflected in the attached Bank of America account statements is nevertheless a useful interim disclosure—at least until the Debtor has an ability to provide the actual bank account statements or otherwise prepare reports—to enable the Office of the United States Trustee to calculate the applicable quarterly fees owing by the chapter 11 Debtor and to enable the chapter 7 trustee to review the post-petition financial transactions and activity of the Debtor.

SMITH KANE HOLMAN, LLC

Date: October 1, 2026

By: */s/ David B. Smith*

David B. Smith, Esquire
112 Moores Road, Suite 300
Malvern, PA 19355
(610) 407-7215 Phone
(610) 407-7218 Fax
*Counsel to Debtor*